NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PHILLIPS 66 COMPANY, | : | CIVIL ACTION NO. 15-2903 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| PAKKA AND SON, LLC, et al., | : | |
| Defendants. | : | |

**THE COURT** ordered the plaintiff to show cause why the complaint should not be dismissed for lack of jurisdiction under 28 U.S.C. § 1332(a) ("Section 1332(a)") and for the plaintiff's failure to abide by Local Civil Rule 11.2. (See dkt. 5.) In response, the plaintiff has demonstrated that jurisdiction under Section 1332(a) exists here and has explained its failure to abide by Local Civil Rule 11.2. (See dkt. 8.) The Court will vacate the Order to Show Cause.

**BUT THE COURT**, for the reasons previously explained, will refer the claims in this action to the United States Bankruptcy Court. (See dkt. 5 at 4–6.) See 28 U.S.C. § 157(a) (stating "district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district").

**THE PLAINTIFF** brought this action ("District Court Action") to recover damages for breach of guaranties for debts owed by Clark Fuel Distributors, LLC

("CFD") against the three defendants: (1) Pakka and Son, LLC ("PSLLC"); (2) East Coast Fuel, Inc. ("ECFI"); and (3) Amarjit S. Pakka ("Pakka").  (See dkt. 1.)  CFD is the subject of a bankruptcy petition ("Bankruptcy Matter") in the United States Bankruptcy Court for the District of New Jersey, Trenton Vicinage ("Bankruptcy Court").  See In re Clark Fuel Distributors, LLC, Bankr. D.N.J. No. 15-11023 ("In re CFD").  Pakka is CFD's president, and appears to be listed as a creditor.  See In re CFD, dkt. 5-1 at 1, Certificate of Service; dkt. 49 at 9, Schedule F.  The list of creditors includes the plaintiff, ECFI, and PSLLC.  Id. at 10–11; see also In re CFD, Claims Register, Claim No. 2.  The docket for the Bankruptcy Matter reveals that it remains open, and that the claims asserted in the District Court Action are hopelessly intertwined with the issues before the Bankruptcy Court.

  The extent of the Bankruptcy Court's jurisdiction over the claims will depend on whether the District Court Action concerns: (1) a core proceeding; or (2) a non-core proceeding, which is a proceeding that is otherwise related to a case under title 11.  See 28 U.S.C. § 157(b)(2)–(4); see also 28 U.S.C. § 157(b)(1) (stating bankruptcy court may enter orders and judgments in core proceeding); 28 U.S.C. § 157(c)(1) (stating bankruptcy court enters proposed findings of fact and conclusions of law in non-core proceeding, and district court enters final order or judgment); see also Mullarkey v. Tamboer (In re Mullarkey), 536 F.3d 215, 220–21 (3d Cir. 2008) (discussing bankruptcy court's jurisdiction).  The Bankruptcy Court itself will determine the extent of that jurisdiction, if

any.  See 28 U.S.C. § 157(b)(3) (stating bankruptcy court determines whether matter is core proceeding); Certain Underwriters at Lloyd's of London v. Otlowski, No. 08-3998, 2009 WL 234957, at *2 (D.N.J. Jan. 29, 2009) (stating "Section 157(b)(3) calls for the bankruptcy judge to make the initial decision on whether a case is a core proceeding, and its language is not ambiguous"); E. W. Trade Partners v. Sobel WP (In re E. W. Trade Partners), No. 06-1812, 2007 WL 1213393, at *3–4 (D.N.J. Apr. 23, 2007) (same).

    **FOR GOOD CAUSE APPEARING**, the Court will issue an appropriate order.

                                               s/ Mary L. Cooper
                                               **MARY L. COOPER**
                                               United States District Judge

**Dated:**  June 17, 2015